**UNITED STATES of America,** **Plaintiff–Appellee,**

v.

**Giezi Magno ZAMORA, Defendant–** **Appellant.**

**No. 15–13136** **Non–Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

Date Filed: 09/08/2016

Michelle Thresher Taylor, Arthur Lee Bentley, III, Christopher Francis Murray, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Charles M, Britt, III, Law Office of Charles M. Britt, III, Bradenton, FL, for Defendant–Appellant.

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Giezi Magno Zamora appeals his 120–month sentence for possessing with intent to distribute, and conspiring to possess with intent to distribute, five kilograms or more of cocaine aboard a vessel, in violation of 46 U.S.C. §§ 70503(a), 70506(a) & (b), and penalized pursuant to 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Zamora argues that the district court erred in denying his request for a minor role reduction, or an even greater minimal role reduction, because of his menial participation as a deckhand in a cocaine smuggling venture.

Even assuming; however, that the district court erred in refusing to grant Zamora's request for a minor role reduction, any such error was harmless because Zamora's sentence of 120 months' imprisonment is already at the statutory mandatory minimum. *See* 46 U.S.C. §§ 70506(a) & (b); 21 U.S.C. § 960(b)(1)(B)(ii). "It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." *United States v. Castaing-Sosa,* 530 F.3d 1358, 1360 (11th Cir. 2008). The government did not file a substantial assistance motion here. Zamora's convictions also do not qualify for safety valve relief under 18 U.S.C. § 3553(f). *See United States v. Pertuz-Pertuz,* 679 F.3d 1327, 1328–29 (11th Cir. 2012) (holding that safety valve relief does not apply to violations of 46 U.S.C. §§ 70503(a), 70506(a) & (b)). Thus, because Zamora is already serving a mandatory minimum sentence and does not qualify for a sentence below that minimum, any error in the district court's denial of his request for a minor role reduction was harmless and we need not address it. *See United States v. Raad,* 406 F.3d 1322, 1323 n.1 (11th Cir. 2005). Accordingly, we affirm.

**AFFIRMED.**